9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jennifer R. WILSON, Defendant-Appellant.
 No. 92-6710.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Jennifer R. Wilson appeals her convictions and sentence for insurance fraud, using interstate communications to further a fraudulent scheme and engaging in a monetary transaction in criminally derived property valued at more than $10,000. 18 U.S.C. Secs. 1341, 1343 and 1957. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The undisputed facts show that Wilson participated in an insurance fraud scheme with her codefendant, Mike Vassar. Wilson submitted a claim to the insurance company alleging that she had purchased a 1989 Corvette from Vassar and that the car had been stolen. In fact, the Corvette was being cut into parts for resale. The insurance company remitted the insured value of the Corvette to Wilson and Vassar, who was listed as a lienholder on the policy. In making this payment, the company wired $22,656.88 from its bank in Texas to Vassar's bank in Tennessee.
 
 
 4
 A jury convicted Wilson of one count of insurance fraud, four counts of using a wire communication in furtherance of the fraud, and one count of engaging in a monetary transaction in criminally derived property valued at over $10,000. On December 15, 1992, the district court sentenced Wilson to a term of 37 months' imprisonment and three years' supervised release as a result of these convictions. It is from this judgment that Wilson now appeals.
 
 
 5
 Wilson does not challenge her convictions for fraud under 18 U.S.C. Sec. 1341 or for using wire communications to perpetrate the fraud under 18 U.S.C. Sec. 1343. Instead, she raises only two issues in this appeal: 1) whether she was properly convicted under 18 U.S.C. Sec. 1957; and 2) whether she was entitled to a two-level reduction in her sentence for being only a minor participant in the scheme.
 
 
 6
 Wilson's conviction under 18 U.S.C. Sec. 1957 was based on the wire transfer that was made from the insurance company's bank in Texas to Vassar's bank in Tennessee. Wilson concedes that this transfer involved a monetary transaction which was valued at more than $10,000 as required by Sec. 1957. However, she now argues that the transfer did not involve a transaction in "criminally derived property" because the defendants had not obtained possession of the funds when the transfer was made. The Appellee concedes that this argument is correct.
 
 
 7
 As defined in Sec. 1957, "the term 'criminally derived property' means any property constituting, or derived from, proceeds obtained from a criminal offense." 18 U.S.C. Sec. 1957(f)(2). Wilson argues that the legislature's decision to use the terms "proceeds" and "obtained" in this definition indicates its intent to punish only those transactions that involve money which has been derived from a completed criminal activity and actually received by the defendant. This argument was accepted by the 10th Circuit in United States v. Johnson, 971 F.2d 562, 567-70 (10th Cir.1992).
 
 
 8
 In Johnson, the Sec. 1957 convictions were based on wire transfers which defrauded investors had made to the defendant's account. The court carefully examined the legislative history of 18 U.S.C. Sec. 1957 and reversed these convictions because the funds were not proceeds obtained from a criminal activity when the transfer was made.
 
 
 9
 Whether or not the funds that were wired to the defendant were "criminally derived property" depends upon whether they were proceeds obtained from a criminal offense at the time the defendant engaged in the monetary transaction. We find they were not. Section 1957 appears to be drafted to proscribe certain transactions in proceeds that have already been obtained by an individual from an underlying criminal offense. The defendant did not have possession of the funds nor were they at his disposal until the investors transferred them to him. The defendant therefore cannot be said to have obtained the proceeds of the wire fraud until the funds were credited to his account.
 
 
 10
 Id. at 569-70. It is undisputed that this reasoning is controlling in the instant case.
 
 
 11
 Wilson also argues that she was entitled to a two-level reduction in her offense level under U.S.S.G. Sec. 3B1.2(b). Wilson would be considered a minor participant if she were substantially less culpable than most of the other participants, even though her role could not be described as minimal. See U.S.S.G. Sec. 3B1.2(b), comment. (n. 3); United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Wilson was deeply involved in defrauding the insurance company, even though she did not participate in dismantling the Corvette or relabeling its parts. The undisputed portions of the presentence investigation report indicate that Wilson purchased the insurance, submitted a false theft report to the police, and made false statements to the insurance claims adjuster. These actions were essential to the fraudulent scheme. Therefore, the district court was not clearly erroneous in finding that Wilson was not a minor participant in the scheme.
 
 
 12
 Accordingly, Wilson's convictions under 18 U.S.C. Secs. 1341 and 1343 are affirmed, her conviction under 18 U.S.C. Sec. 1957 is reversed, and the case is remanded to the district court for resentencing. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation